**UNITED STATES of America, Appellee,**

v.

**Walter MARTIN, Jr., Appellant.**
**No. 73–1041.**

United States Court of Appeals, Eighth Circuit.

Submitted May 18, 1973.

Decided July 3, 1973.

Kenneth J. Bini, St. Louis, Mo., for appellant.

Michael W. Reap, Sp. Atty., U. S. Dept. of Justice, Office for Drug Abuse Law Enforcement, St. Louis, Mo., for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, HEANEY, Circuit Judge, and TALBOT SMITH, Senior District Judge.*

HEANEY, Circuit Judge.

Walter Martin, Jr., was convicted on two counts of knowingly and intentionally distributing heroin on August 8, 1972, and August 10, 1972, in violation of 21 U.S.C. § 841(a)(1). He was sentenced to ten years imprisonment and a three-year special parole term on each count, the sentences to run concurrently.

Martin's first contention is that the trial court erred in denying his motion for a directed verdict of acquittal because entrapment had been established as a matter of law. We find no merit to

---

* District of Eastern Michigan, sitting by designation.

this contention. There is no evidence in this record to indicate that the government did anything more than afford Martin an opportunity to sell heroin to a government informant on two separate occasions. Martin eagerly accepted the opportunity. He was not an innocent man induced to commit a crime. See, United States v. Richard Russell, 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973); McWilliams v. United States, 394 F.2d 41, 46–47 (8th Cir. 1968), cert. denied, 393 U.S. 1044, 89 S.Ct. 643, 21 L.Ed.2d 593 (1969).

■ Martin's second contention that the government failed to prove that he distributed narcotics to a government informant, Bullock, on August 8 and 10, is without merit. On each occasion, government agents followed the same procedure. They thoroughly searched Bullock for narcotics and found none; they then gave him money to make a purchase; they kept him under continuous observation until he met with Martin; they observed that packets were transferred from Martin to Bullock—in one instance, directly and in the other, indirectly— and that Bullock also transferred something to Martin; they kept Bullock under continuous observation until he returned; and they then searched Bullock and found that he had packets of heroin in his possession. Martin urges that procedure was fatally defective because the eye witnesses were not close enough to Martin and Bullock when the transfers were made to permit them to testify that the packets transferred by Martin to Bullock contained heroin. We do not agree. The evidence, considered as a whole, was sufficient to support a jury finding that the packets transferred contained heroin. See, United States v. Mosby, 422 F.2d 72 (8th Cir.), cert. denied, 399 U.S. 914, 90 S.Ct. 2217, 26 L.Ed.2d 571 (1970); Byrth v. United States, 327 F.2d 917 (8th Cir.), cert. denied, 377 U.S. 931, 84 S.Ct. 1333, 12 L.Ed.2d 295 (1964).

■ Martin's third contention is that the trial court erred by refusing to permit government witnesses to be questioned with respect to Bullock's reputation and his status as a narcotics addict. It did so on the grounds that such testimony would be hearsay. We do not believe that the error, if any, was prejudicial. The crucial issue in the case was whether Martin delivered heroin to Bullock, and the resolution of that issue turned on whether the jury believed the law enforcement officials' testimony with respect to the procedures followed by them at the times of the sales and particularly the testimony that they saw Martin transfer packets to Bullock. The latter's reputation would cast little light on either question.

■ Martin argues that Bullock was an indispensable witness and seems to urge that his conviction should be set aside because Bullock was not called by the government. There is no merit to this argument. The government did not conceal Bullock's identity or whereabouts, and it was not under the circumstances of this case obligated to call him as a witness. United States v. Mosby, *supra,* 422 F.2d at 74.

■ Martin's fourth contention, that the trial court erred in failing to declare a mistrial when a government witness volunteered on cross-examination that a detective and Bullock had engaged in a conversation "about known drug pushers and so on," is without merit. The answer was responsive and does not appear to have been a deliberate effort to show that the defendant was a person of bad character. In any event, the answer did not cause such prejudice to the defendant as to require a mistrial.

■ Martin finally contends that the indictment was fatally defective in that it failed to reveal the name of the purchaser of the narcotics. There is no merit to this contention. See, Aggers v. United States, 366 F.2d 744 (8th Cir. 1966), cert. denied, 385 U.S. 1010, 87 S.Ct. 719, 17 L.Ed.2d 548 (1967).

Affirmed.