**UNITED STATES of America,
Appellee,**

v.

**Leon Thomas WILLIAMS, Appellant.**

**No. 73–1155.**

United States Court of Appeals,
Eighth Circuit.

Submitted June 14, 1973.

Decided July 11, 1973.

Rehearing Denied July 27, 1973.

**736**

Phillip B. Sachs, Clayton, Mo., for appellant.

Michael W. Reap, Sp. Atty., U. S. Dept. of Justice, Office for Drug Abuse Law Enforcement, St. Louis, Mo., for appellee.

Before CLARK, Associate Justice, Retired,* and HEANEY, Circuit Judge, and SCHATZ, District Judge.* *

HEANEY, Circuit Judge.

Leon Thomas Williams appeals from his conviction on two counts of knowingly and intentionally distributing heroin, in violation of 21 U.S.C. § 841(a)(1). He was sentenced to ten years imprisonment to be followed by a three-year mandatory parole period on each count, the sentences to run concurrently.

■ Williams first contends that there was insufficient evidence to support his conviction. He asserts that the testimony given by prosecution witnesses does not support the conclusion that delivery (distribution) of heroin by the defendant to a government informant was actually effected, and he, thus, reasons that an essential element of the crime was not proven. We disagree.

The government proved that delivery had taken place through the testimony of agents who witnessed the two transactions between the defendant and a paid government informant, Charles Bullock. In each case, the procedures surrounding the transactions were as follows:

(a) The informant was initially searched by an experienced narcotics agent and no narcotics or money was found.

(b) The informant was given money by the agents to make the purchase.

(c) The agents kept the informant under continuous observation to the designated meeting place with the defendant.

(d) Observation of the defendant transferring something to the informant and the transfer of something from the

---

* United States Supreme Court, sitting by designation.

** District of Nebraska, sitting by designation.

informant to the defendant was made by the agents with the aid of binoculars.

(e) The observation continued through the informant's return to the agents' car, whereupon the informant turned over the packets, later determined to contain heroin.

(f) The informant was again searched and no money was found.

The defendant maintains here, as he did before the jury, that the initial search of the informant by the government agents was inadequate, and that the testimony of the agents alone was insufficient to prove beyond a reasonable doubt that the defendant delivered heroin to the informant. We disagree. The evidence must be viewed in a light most favorable to the prevailing party, and the verdict must be sustained where, as here, there is substantial evidence to support it. See United States v. Warner, 428 F.2d 730, 736 (8th Cir.), cert. denied, 400 U.S. 930, 91 S.Ct. 194, 27 L.Ed.2d 191 (1970). Uncontradicted testimony in the record indicates that an experienced narcotics agent conducted a thorough search. Furthermore, we note that this Court on a number of prior occasions has held that there was sufficient evidence to support a jury finding that a defendant delivered heroin to an informant where the evidence in the record was similar to that present here. See, e. g., United States v. Martin, Jr., 482 F.2d 202 (8th Cir., 1973); United States v. Mosby, 422 F.2d 72 (8th Cir.), cert. denied, 399 U.S. 914, 90 S.Ct. 2217, 26 L.Ed.2d 571 (1970).

Williams also contends that the jury, by rendering a guilty verdict, acted contrary to the District Court's instruction that each element of the offense must be proven beyond a reasonable doubt. Consistent with his first contention, he maintains that the proof provided was insufficient to establish beyond a reasonable doubt that the defendant deliv-

ered heroin to the informant on each occasion. We disagree. The trial court's jury instructions were proper and clear, and we must assume that the jury followed them. See, Mee v. United States, 316 F.2d 467, 470 (8th Cir. 1963), cert. denied, 377 U.S. 997, 84 S.Ct. 1923, 12 L.Ed.2d 1049 (1964).

Williams' final contention is that the trial court erred in not requiring the informant to testify or, in the alternative, by failing to give an "absent witness" instruction.[1]

First, in regard to the failure of the trial court to require the informant to testify, the applicable rule in this Circuit is that stated by Judge Van Oosterhout in United States v. Mosby, *supra*, 422 F.2d at 74.

"Absent unusual circumstances such as knowingly concealing evidence favorable to a defendant, the Government has a wide discretion with respect to the witnesses to be called to prove its case. The government is not ordinarily compelled to call all witnesses competent to testify including special agents or informers. * * * "

Here, there were no unusual circumstances. There is nothing beyond the defendant's speculation on this appeal to suggest that the failure by the government to call Bullock to testify was induced by any improper motive or that the government had knowledge that Bullock might give unfavorable testimony. The defendant's counsel was given the informant's name a few days before trial; and at no time did he: (a) file a motion requesting the government to produce the informant, (b) request a continuance so that the informant might be brought to testify, or (c) attempt to subpoena the informant. These factors make this case clearly distinguishable from United States v. Joseph Pollard, 479 F.2d 310 (8th Cir. 1973).

---

1. The defendant describes this desired instruction as:
"The jury might 'draw the inference that the testimony of that witness would be unfavorable' to the government unless the witness's absence was sufficiently explained."

Similarly, the defendant first raises the "absent witness" instruction matter on this appeal. He neither requested that the court below give such an instruction, nor did he object below to the failure of the court to give the instruction. Accordingly, under Rule 30 of the Federal Rules of Criminal Procedure, the defendant is precluded from raising this contention on appeal. See, United States v. Folsom, Jr. and United States v. Singer, 479 F.2d 1 (8th Cir. 1973). In any event, we note that the propriety of such an instruction is largely left to the discretion of the trial court, see, Morrison v. United States, 365 F.2d 521 (D.C.Cir.1966), and it is apparent that the omission of such an instruction under the circumstances of this case did not amount to plain error.

Affirmed.