■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM JOHN KERR, Appellant.— Judgment unanimously modified to afford defendant youthful offender status in accordance with memorandum and as modified affirmed. Memorandum: Appellant was found guilty by a jury of burglary in the third degree in violation of section 140.20 of the Penal Law and a judgment of conviction was entered against him in Genesee County Court on July 31, 1972. His application for treatment as a youthful offender was denied and he was sentenced as an adult to five years' probation. This is an appeal from that conviction and from the court's denial of youthful offender treatment. We conclude that defendant should have been accorded such treatment. Appellant was 16 years of age at the time of the commission of the offense for which he was convicted. He had never previously been arrested nor was he in any trouble of a criminal nature between the commission of this offense and his subsequent conviction and sentencing, a period of nearly two and one-half years. He co-operated fully with police in their investigation of the crime and there is no evidence in the record to indicate a lack of respect for the law or hostility toward society. Furthermore, the circumstances surrounding the commission of the offense do not reflect a high degree of culpability. CPL 720.20 entrusts the decision of whether to afford an eligible youth treatment as a youthful offender, and thus relieve him of the disabilities resulting from a criminal conviction, to the sound discretion of the court in the interest of justice. Among the factors to be considered are circumstances surrounding the commis-

sion of the crime charged, the defendant's previous reputation and his attitude toward society (*Matter of Tschornyi* v. *County Ct. of County of Tompkins,* 283 App. Div. 910). Considering all the circumstances of this case including the fact that the probationary sentence imposed by the court need not be altered by finding appellant a youthful offender (CPL 720.25), the denial of appellant's application for youthful offender status was an improvident exercise of discretion. (Appeal from judgment of Genesee County Court, convicting defendant of burglary, third degree.) Present — Goldman, P. J., Del Vecchio, Marsh, Moule and Simons, JJ.