**UNITED STATES of America,**
**Appellee,**

v.

**Oliver WEBSTER, Appellant.**

**No. 73–1268.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 15, 1973.

Decided Jan. 22, 1974.

Fred A. Eppenberger, St. Louis, Mo., for appellant.

Jerome Murphy, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before LAY and BRIGHT, Circuit Judges, and EISELE, District Judge.*

LAY, Circuit Judge.

This is an appeal from a judgment of conviction under 21 U.S.C. § 841(a)(1) for knowingly and intentionally distributing heroin. The defendant raises two grounds of error: (1) the insufficiency of the evidence and (2) the failure of the government to disclose the whereabouts of the informant. We affirm.

On August 15, 1972, Charles Bullock, a government informant, was strip-searched by narcotics officers and then given $40.00 in prerecorded government funds. Bullock was driven to an intersection in St. Louis and there let out of the car. Officers in two police cars kept Bullock under surveillance. The officers eventually observed what appeared to be an exchange of objects between Bullock and a man later identified as

---

* G. THOMAS EISELE, United States District Judge for the Eastern District of Arkansas, sitting by designation.

the defendant. Subsequently, Bullock turned over four capsules, later found to contain heroin, to the narcotics officers. Bullock was again searched for money or other objects and none were found. A similar transaction occurred on September 10, 1972. At trial, the government's witnesses consisted of the police officers involved and a chemist. Charles Bullock did not appear or testify.

 Objection is raised as to the officers' identification of Webster since their total observation of the alleged sales was through binoculars at a great distance. The means of proof used is similar to that approved in United States v. Martin, 482 F.2d 202 (8th Cir. 1973) and United States v. Williams, 481 F.2d 735 (8th Cir. 1973). Credibility of the witnesses is for the jury to resolve. The circumstances here testified to are also sufficient to demonstrate Webster's intent to distribute the heroin.

We come then to the informant issue. Prior to trial defendant moved in a bill of particulars for the name and address of the informant. The trial court granted the motion for disclosure of the informant's name but not his whereabouts. Prior to and during trial defendant alleges he informed the government of his desire to subpoena Bullock and have him testify at trial. Although the record does not disclose these facts, the parties all agree that the government assured defense counsel that the government had issued a subpoena and intended to use Bullock as a witness. It is argued and not disputed by the government that midway through the two-day trial defendant's counsel asked the prosecutor why Bullock had not appeared. Again it was stated that a subpoena was "on the street." It is urged by defense counsel that it was not until the prosecutor rested his case that the defendant realized Bullock was not going to appear. No reason is offered as to why the informant did not appear.

 The government has no duty to call the informant as its own witness.

See, e. g., United States v. Martin, 482 F.2d 202 (8th Cir. 1973); United States v. Williams, 481 F.2d 735 (8th Cir. 1973); United States v. Mosby, 422 F. 2d 72 (8th Cir.), cert. denied, 399 U.S. 914, 90 S.Ct. 2217, 26 L.Ed.2d 571 (1970). However, where a proper request to produce the informant is made and the government claims that his whereabouts are unknown, we have held that the government has the additional burden of demonstrating that it has made every reasonable effort to have the informant made available to the defendant to interview or to use as a witness. United States v. Kitchen, 480 F.2d 1222 (8th Cir. 1973); United States v. Pollard, 479 F.2d 310 (8th Cir. 1973). Here a proper request for the informant's whereabouts was directed to the government. Defendant was entitled to this information to enable his counsel to interview Bullock to learn of any possible exculpatory information or to prepare for possible cross-examination. Roviaro v. United States, 353 U.S. 53, 65 n. 15, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957).

 In the past, we have held that where the government does not call the witness and the defendant proceeds with his case, without further request of the court that the informant be *produced,* or without a motion for continuance to interview the informant, the defendant has waived his right to have the informant produced. United States v. Williams, 481 F.2d 735 (8th Cir. 1973). These are the facts here. There are too many uncertainties involved to allow the defendant to now assert that he should have a new trial because the government failed to produce the informant. Defendant may have desired to interview the informant before the government called him as a witness. Once the government failed to do this, it may well have been defendant's strategy to let well enough alone and proceed without him. Under the circumstances we hold that defendant waived his right to have the informant *produced.*

In this regard, we find this case factually distinguishable from our recent decision in United States v. Barnes, 486 F.2d 776 (8th Cir. 1973). There the defendant moved the court to require the government *to produce* the informant for interview prior to trial since the informant's whereabouts were unknown. There the government did not intend to call the witness at trial. We remanded the case for an evidentiary hearing to determine if the informant possessed exculpatory information. Here the record discloses that defendant moved the court only for the name and address of the informant. The defendant may have been lulled into not seeking production of the witness before trial on the government's assurance that he would be called. Nevertheless, once the defendant knew that Bullock was not to be called, he failed to file a motion before the court requesting the government to produce the informant, or to seek a continuance or to attempt to subpoena him for trial. Under these circumstances we find that the defendant waived his right to have the informant produced at trial. United States v. Williams, 481 F.2d 735 (8th Cir. 1973).

█ Often counsel have private understandings with one another on the use of witnesses or the use of evidence during a trial. When an alleged breach of such an understanding arises, counsel cannot complain on appeal of something the trial judge may well have corrected but did not because it was never called to his attention. *Cf.* McNeely v. United States, 353 F.2d 913 (8th Cir. 1965).

Judgment affirmed.[1]

1. This court earlier remanded this cause on the motion of the government to the district court for the limited purpose of conducting an evidentiary hearing of the witness, Charles Bullock, during the week beginning December 3, 1973. The district court was requested to certify its findings on the completion of that evidentiary hearing to this court; as of the date of filing of this opinion we have not received the district court's

findings; however, since our remand was made at the government's request and was granted solely to allow the government to make a record, and the basis of our opinion does not depend on the evidence the informant possessed [*cf.* United States v. Barnes, No. 73–1227 (8th Cir. Unpublished Order, Jan. 15, 1974)], the direction to the district court to certify its findings is now hereby vacated.