THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* DAVID
GOWER, Appellant.

Fourth Department, July 5, 1974.

*Charles W. Avery* for appellant.

*Peter E. Corning, District Attorney,* for respondent.

MOULE, J. P.   Defendant was found guilty of two separate
violations of section 220.35 of the Penal Law, criminally selling

a dangerous drug in the third degree. The first violation involved a sale of marijuana on March 20, 1973 and the second the sale of hashish on April 10, 1973.

Prior to the trial, defendant made a motion for a bill of particulars pursuant to CPL 200.90, in which, for the purpose of preparing his defense, he sought to obtain the identity and address of a buyer who was alleged to have been the person to whom the drugs were sold. The court denied this request based upon potential danger to the buyer and also because the People intended to produce him as a witness. There never was any claim of potential danger to the buyer as a result of the disclosure of his identity and for this reason the denial of the disclosure was error (*Roviaro* v. *United States,* 353 U. S. 53, 64, n. 15; *McLawhorn* v. *State of North Carolina,* 484 F. 2d 1, 5). However, the facts of this case, when viewed in conjunction with the purposes of disclosure, clearly show that no harm resulted to defendant as a result of the error and, furthermore, that defendant waived any objections he may have had.

The Court of Appeals in *People* v. *Goggins* (34 N Y 2d 163) discussed the rationale behind disclosure of an informant's identity in situations similar to the case at bar, where the guilt or innocence of the defendant is at issue. In that case the court felt that a major consideration in requiring disclosure of an informant's identity was the preservation of an adversary system in which the defendant has access to any information the prosecution possesses which may establish his innocence (*People* v. *Goggins, supra*; see, also, *Brady* v. *Maryland,* 373 U. S. 83, 86–87). Therefore, where the informant's testimony is relevant to guilt or innocence, his identity must be disclosed so as to allow a fair trial. This is particularly true where the informant is an eyewitness or a participant in the alleged crime (see *Roviaro* v. *United States, supra,* p. 64). Here the buyer was a participant, and it is clear that defendant could not have received a fair trial unless he was able to confront him as a witness. This opportunity was afforded to him at the trial, when the buyer was produced and testified as a witness for the People. Thus, in contrast to situations where an informant is never produced, the confrontation requirement was fully satisfied.

The real question raised on this appeal is whether the defendant was prejudiced and deprived of due process because he did not possess the purchaser's name and address prior to the trial and, therefore, was unable to properly prepare his case. It is undoubtedly true that defendant might have been in a better position at trial were he able to investigate the buyer's back-

ground and possibly interview him to uncover exculpatory evidence and to prepare for cross-examination. (See *United States* v. *Webster*, 490 F. 2d 435, 437; *United States* v. *Kitchen*, 480 F. 2d 1222; *United States* v. *Pollard*, 479 F. 2d 310.)

The right to receive the name and address of a person in order to question him prior to trial has arisen in cases where the prosecution did not produce such person as a witness (*United States* v. *Webster, supra*; *United States* v. *Williams*, 481 F. 2d 735). In the *Webster* case, it was held that where a defendant, who had been denied the address of an informant upon a bill of particulars, then proceeded with his case without renewing his request and asking for a continuance, he had waived his right to learn of the informant's name and address for the preparation of trial. It would seem that this reasoning should apply to an even larger extent where, as here, the buyer actually testified. In fact, if defense counsel felt unprepared to cross-examine the buyer, it would have been proper to have requested a continuance at that point. If such were granted, the error produced by the failure to allow disclosure pursuant to the bill of particulars would have been cured. In this regard, the situation is similar to that which occurs when the defense is allowed to call an alibi witness who was not identified to the prosecution before the trial. In such a situation, a three-day adjournment is mandated (CPL 250.20, subd. 2).

Furthermore, when the case herein was called for trial, both the District Attorney and defense counsel agreed that they were ready. The jury was then selected and defendant requested and received permission to make motions in the absence of the jury. At that time defendant had every opportunity necessary to do whatever he felt might have been required and he stated his position fully during which he, at no time, said anything about not having and needing the name and address of the alleged buyer. Everything indicated that he was fully prepared to proceed with the trial. From this one can infer that defendan either had received the buyer's name and address from the District Attorney or elsewhere or that he no longer believed it important. In fact, an affidavit executed by defendant's trial counsel on May 9, 1974 was furnished to the court stating that the District Attorney furnished defendant's counsel with the name of the buyer at least two weeks before the case was reached for trial. When the buyer was called, defense counsel did not object to his testifying nor did he request postponement of his cross-examination and at no time did defense counsel make any objection or take any exception to the buyer testifying. By this

failure, the reasoning in *United States* v. *Webster* (*supra*) prevails and the defendant waived his objection.

At the time of the offenses charged, defendant was only seventeen years of age. Other than the offenses charged, nothing in the record or the presentence report indicates a lack of respect for the law. Under all of the circumstances of this case, the denial of defendant's application for youthful offender status was an improvident exercise of discretion (*People* v. *Kerr,* 43 A D 2d 895). This does not require any change in defendant's sentences and they shall remain the same (CPL 720.25). The judgments should be affirmed except as modified to accord the defendant youthful offender status.

CARDAMONE, SIMONS, MAHONEY and DEL VECCHIO, JJ., concur.

Judgments unanimously modified in accordance with opinion by MOULE, J. P., and as modified affirmed.