UNITED STATES of America,
Appellee,

v.

Roland B. NORTON, Jr., Appellant.

No. 74–1049.

United States Court of Appeals,
Eighth Circuit.

Submitted June 11, 1974.

Decided Sept. 13, 1974.

Certiorari Denied Jan. 13, 1975.
See 95 S.Ct. 790.

**343**

Richard E. Coughlin, Asst. U. S. Atty., St. Louis, Mo., for appellee.

John D. Connaghan, St. Louis, Mo., for appellant.

Before LAY, HEANEY and ROSS, Circuit Judges.

HEANEY, Circuit Judge.

This is one of three cases decided this day in which the appellant claims that he was denied due process of law in connection with his conviction for narcotics violations. *See United States of America v. Jackson*, 504 F.2d 337 (8th Cir. 1974); *United States of America v. Washington*, 504 F.2d 346 (8th Cir. 1974).

The defendant in this case, Roland Norton, was convicted of two counts of violating 21 U.S.C. § 841(a)(1) by selling heroin on February 26 and March 1, 1973. The indictment was not issued until August, 1973—five and one-half months after the dates of the offenses —and the defendant was arrested shortly thereafter. On September 6, 1973, the defendant filed a bill of particulars, asking that the government be compelled to furnish him with "the time, place,

and name of the party, if there is any, who are [sic] witnesses to the transactions * * * ". He also moved to dismiss the indictment on the ground that the delay had prejudiced his ability to present an effective defense, thereby violating his Fifth Amendment right to due process.

On September 28, the government filed its response opposing the defendant's motions, taking the position that it was required to turn over only exculpatory evidence and the names of those witnesses which it did not intend to call at trial. It simultaneously informed the defendant's counsel in writing that an informant, Michael Jones, had been involved in the transactions and that he had been murdered on September 17. The motion for the bill of particulars and the motion to dismiss the indictment were denied on November 16. Although he had never filed a motion to produce the informant, the defendant's counsel, on November 26, filed a motion to dismiss the indictment for failure to produce a material witness for the defendant to interview. That motion was also denied. It is the denial of these three motions, all connected with the loss of informant Jones' testimony, which lies at the heart of this appeal. We affirm.

It is not the trial court's denial of the bill of particulars which is really at issue here. The gist of the appellant's contention is not that he was harmed by the government's refusal to disclose,[1]

---

1. The government contends that, under United States v. Barnes, 486 F.2d 776 (8th Cir. 1973), it need not disclose the names of informants who will be called at trial. It has also informed the Court that this interpretation is consistently followed by the trial court.

    The rule of United States v. Cole, 449 F.2d 194, 198 (8th Cir. 1971), cert. denied, 405 U.S. 931, 92 S.Ct. 991, 30 L.Ed.2d 806 (1972), that "[i]n a noncapital case an accused has no constitutional right to require the production of the names and addresses of possible witnesses. * * * ", is clearly not applicable to informants. Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). We recognized this in *Barnes*. United States v. Barnes, su-

pra 486 F.2d at 778. The *Roviaro* Court could not have been more precise:

    * * * [W]e think that the court erred also in denying, prior to trial, petitioner's motion for a bill of particulars, insofar as it requested [the informant's] identity and address. * * * · [I]t was evident from the face of the indictment that [the informant] was a participant in and a material witness to that sale. Accordingly, when his name and address were thus requested, the Government should have been required to supply that information or suffer dismissal of that count.

Roviaro v. United States, *supra* 353 U.S. at 65 n. 15, 77 S.Ct. at 630.

but rather that he was injured by the failure of the government to arrest him promptly, a failure which he claims deprived him of the opportunity to interview the informant, thereby discovering and preserving any exculpatory evidence.

█ As we stated in United States of America v. Jackson, *supra,* 504 F.2d at 339, the resolution of the due process claim when the government has delayed arrest or indictment requires a balancing of the reasonableness of the delay against the prejudice to the accused. The facts of this case illustrate the importance of both interests in the context of narcotics investigations. *See, id.* at 339–340. On the one hand, they demonstrate the possibility that material witnesses may become unavailable by the time the defendant first has an opportunity to construct his defense. Yet they also lend credence to the familiar government claim that the safety of its informants may be endangered by the publicity following indictment and arrest.

██ In the context of the undercover operation, the five and one-half month delay between the offenses and the indictment does not appear unreasonable on its face, and the appellant does not dispute the government's claim that Jones was an informant in other ongoing cases.[2] Insofar as prejudice to the appellant is concerned, the only significant allegation of prejudice is in the loss of the informant's testimony.[3] The likelihood that the loss was prejudicial is eased by the reliability of the evidence presented by the government. *See,* United States of America v. Jackson, *supra,* at 341. Three police officers testified that they had known the defendant previously, that they witnessed the sales in broad daylight, that they personally recognized the defendant and that an automobile registered to the defendant was involved. Possible prejudice arising from the loss of the informant must be assessed in that light.

There is no doubt that the testimony of the informant would have been material. The strip-search technique employed by the police exactly parallels the technique used in the *Roviaro* case. As the Supreme Court stated there:

\* \* \* Petitioner's opportunity to cross-examine [the agents] was hardly a substitute for the opportunity to examine the man who had been nearest

---

· The exception posited by the government has no basis in *Roviaro,* which drew no distinction between testifying and non-testifying informants. *See also,* McLawhorn v. State of North Carolina, 484 F.2d 1 (4th Cir. 1973); proposed Federal Rule of Evidence 510(c)(1) and (2). We have never adopted such a distinction either. In United States v. Webster, 490 F.2d 435 (8th Cir. 1974), and United States v. Kitchen, 488 F.2d 572 (8th Cir. 1973) the government made assurances that the informant would be called to testify at trial, only to find itself unable to produce him as a witness. In both cases, we indicated that the identity and address of the informant should have been disclosed for purposes of pretrial interview.

In United States v. Barnes, *supra*; United States v. Roell, 487 F.2d 395 (8th Cir. 1973), and United States v. Woods, 486 F.2d 172 (8th Cir. 1973), we found after the fact that any prejudice to the defendant had been cured by the informant's production and availability for cross-examination at trial. But these cases do not stand for the proposition that the government may withhold

names of participating informants so long as it intends to call them at trial. Nor do they stand as an invitation to trial courts to routinely deny defendants access to the names and addresses of informants prior to trial on the theory that the error may be cured by making the informant available at trial. A finding of no prejudice in a particular case ought never be construed as an invitation to deliberate error in the future. *See* People v. Wilkes, 44 Cal.2d 679, 687, 284 P.2d 481, 486 (1955) (*en banc*).

2. An appeal is currently pending before this Court in one of those cases. United States of America v. William Henry Hall, No. 74–1393.

3. Although the appellant claimed that he was unable to remember his whereabouts due to the lapse of time, he was able to testify as to his activities on the dates in question, and was able to locate two defense witnesses who also testified about events occurring on those dates. He does not claim that any tangible evidence was lost.

to him and took part in the transaction. * * *

Roviaro v. United States, *supra,* 353 U. S. at 64, 77 S.Ct. at 629. Since no amount of effort could produce the informant after September 17, the question ultimately must be one of allocating the risk of loss of such a witness.

■ In our view, when the government chooses to delay an arrest to permit an informant to continue to operate in a covert manner, thereby gaining evidence for other prosecutions, it must accept the possibility that an informant having exculpatory evidence may not be available at the time when the defendant is first accused. It must also accept the risk that, under certain circumstances,[4] the unavailability of the informant may make it impossible to grant the defendant a fair trial and that, when those circumstances occur, the court may be compelled to dismiss the indictment. *Cf.,* United States v. Ferguson, 498 F.2d 1001 (D.C.Cir., 1974) (Bazelon, J., dissenting).

■■ It is not for the government to decide if the informant would present exculpatory testimony. The clear meaning of *Roviaro* is to the contrary:

> * * * The desirability of calling [the informant] as a witness, or at least interviewing him in preparation for trial, was a matter for the accused rather than the Government to decide.

Roviaro v. United States, *supra,* 353 U. S. at 64, 77 S.Ct. at 629.

If the accused is denied this opportunity before trial and the informant becomes unavailable, the issue becomes one for the court. In that event, we have held that the government must bear the burden of demonstrating that the infor-

mant did not possess exculpatory evidence. *See,* United States v. Kitchen, *supra,* 488 F.2d at 575; United States v. Barnes, *supra,* 486 F.2d at 780.

■■ Here, the government offered at trial to meet its burden by making a written statement of Jones available to the defense. That statement, in view of Jones' death, was the best possible proof of what his testimony would have been. By rejecting that offer, the defense counsel waived the right to assert that the pre-accusation delay led to the loss of exculpatory evidence. Because the appellant waived his right to assert prejudice in the loss of the informant's testimony and because there is no other showing of prejudice in the record, we find that the appellant was not denied due process of law by the delay.

■ Two final contentions raised by the appellant are without merit. First, he objects to the trial court's refusal to permit the defense to cross-examine government agents as to the character of the deceased informant. We do not believe that any prejudice resulted from this ruling even if it was erroneous. *See,* United States v. Martin, 482 F.2d 202, 204 (8th Cir. 1973). Second, he contends that a mistrial should have been granted because of two instances in which one of the agents quoted Michael Jones during testimony. The jury was instructed to disregard the statements. We believe that the answers in both instances were inadvertent and were not deliberate attempts to get in the testimony of the decedent. In any event, the appellant has not demonstrated such prejudice as to require a mistrial. *See,* United States v. Martin, *supra* at 204.

Affirmed.

---

4. One circumstance in which dismissal would not be proper would be where the defendant is responsible in any way for the unavailability of the informant.