STATE OF CONNECTICUT *v.* CHARLES SHER
(10705)

PETERS, HEALEY, PARSKEY, SHEA and GRILLO, Js.

Argued October 15—decision released November 16, 1982

*James J. Ruane,* assistant public defender, with whom, on the brief, was *Patricia C. McAllister,* law student intern, for the appellant (defendant).

*Richard F. Jacobson,* assistant state's attorney, with whom, on the brief, was *Donald A. Browne,* state's attorney, for the appellee (state).

GRILLO, J. The sole issue presented by this appeal is whether the trial court abused its discretion in denying youthful offender status to the defendant.

The defendant was charged in a three count information alleging sexual assault in the first degree in violation of General Statutes § 53a-70 (a); sexual assault in the second degree in violation of General Statutes § 53a-71 (a) (1); and risk of injury to children in violation of General Statutes § 53-21.

The defendant filed a motion pursuant to General Statutes § 54-76c for an investigation of eligibility to be adjudged a youthful offender. This motion was granted by the court and the required examination and investigation were conducted by an adult probation officer as ordained by General Statutes § 54-76d (a). The investigation having been completed, a hearing was held before the court. General Statutes § 54-76d (b).

The hearing, which was rather brief, consisted of the testimony of two witnesses produced by the defendant and a statement by counsel for the defendant. The defendant's application to be adjudged a youthful offender was denied. The defendant has appealed, claiming that the trial court abused its discretion.

It is the contention of the defendant that the language employed by the trial court in its oral decision "clearly exhibits" that the severity of the crimes was the sole criterion upon which its decision was based.

Insofar as it is relevant to this case, the applicable statute, § 54-76d (b), provides that "[u]pon the termination of such examinations, investigation and questioning, the court, in its discretion based on the severity of the crime, which shall also take into consideration . . . the results of the examinations, investigation and questioning, shall determine whether such defendant is eligible to be adjudged a youthful offender."

The defendant maintains that the trial court failed to consider that the defendant was an appropriate candidate for youthful offender status, pointing out that he had made considerable progress in his academic subjects, that he had cooperated fully with the investigators and that he had shown respect for the police and authority. He also refers to the fact that he had no previous record and that the state made no recommendation to the court. He concludes, therefore, that the trial court applied its own "per se" exclusion of sex offenses from the purview of the Youthful Offender Act. General Statutes §§ 54-76b through 54-76p. We disagree.

There is no dispute that on the date of the alleged crimes, the defendant was sixteen years of age and that the girl involved was eight years of age. The state was prepared to show, as a basis for the crime charged, opprobrious sexual activity initiated by the defendant which need not be recited here. Before stating that the defendant was "charged with an horrendous sexual offense," the trial court, in its brief oral decision, observed that he was "not charged with being an underachiever" or with "being disrespectful to the law." The court was obviously alluding to the evidence relating to his scholastic progress and to his respect for authority. That observation is a clear indication that the trial court did consider the testimony adduced at the hearing as required by § 54-76d (b). Implicit in those remarks is the opinion by the trial court that those factors were overridden by its consideration of the severity of the crimes charged.

The defendant asserts that two New York cases; *People* v. *Gower,* 45 App. Div. 2d 188, 191, 357 N.Y.S.2d 257 (1974), and *People* v. *Kerr,* 43 App. Div. 2d 895, 896, 351 N.Y.S.2d 227 (1974); support his position. In *People* v. *Kerr,* supra, the trial court denied youthful offender status to a sixteen-year-old defendant who had not been arrested between his initial arrest and conviction, and who had demonstrated his respect for society by full cooperation with the police. In its reversal of the trial court's order, the court held that the defendant's previous reputation and his attitude toward society are factors to be weighed in the exercise of the court's discretion. Similarly, in *People* v. *Gower,* supra, the court held that respect for the law or lack thereof should be taken into consideration, and overturned the trial court's denial of youthful offender

status. In the former case, the defendant was charged with burglary in the third degree while in the latter case the charge was based on the sale of marijuana and hashish. Both courts, however, expressly took into consideration all of the "circumstances" surrounding the commission of the crime charged. *People* v. *Gower,* supra, 260; *People* v. *Kerr,* supra, 228.

We find nothing in those cases as reported to indicate that the circumstances accompanying the alleged offenses by those defendants could be equated with those incident to the commission of the crimes alleged against this defendant, which were termed "horrendous" by the trial court.

"In cases such as this, the trial court is in a unique position to assess all the factors relevant to a determination regarding youthful offender treatment, and thus, interference by this court must be limited to only those instances where that broad discretion has clearly been abused." *State* v. *Bell,* 179 Conn. 98, 101, 425 A.2d 574 (1979).

From a review of the evidence and the conclusions of the trial court in this case, we find no abuse of the trial court's discretion in denying the application for youthful offender status.

There is no error.

In this opinion the other judges concurred.