SHAWN ROBINSON *v.* COMMISSIONER OF
CORRECTION
(AC 19038)

Schaller, Pellegrino and Dupont, Js.

---

[6] See footnote 4.

Argued September 14, 2000—officially released March 27, 2001

*Sarah F. Summons*, special public defender, for the appellant (petitioner).

*Leon F. Dalbec, Jr.*, senior assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Beth Baron*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

SCHALLER, J. The petitioner, Shawn Robinson, appeals from the judgments of the habeas court dismissing one petition for a writ of habeas corpus and denying another. On appeal, the petitioner claims that the habeas court abused its discretion in denying his petitions for certification to appeal and improperly rejected his claims of ineffective assistance of counsel. We dismiss the petitioner's appeal as it relates to one of the judgments of the habeas court and affirm the other judgment.

The following facts and procedural history are relevant to our disposition of the petitioner's claims. The police arrested the petitioner on October 6, 1986, following an armed robbery. He was charged with three counts of robbery in the first degree in violation of General Statutes § 53a-134 (a) (3) and attempt to commit robbery in violation of General Statutes § 53a-49 (a).

On July 1, 1987, the petitioner pleaded guilty, under the *Alford* doctrine,[1] to all of the charges pending against him. In September, 1987, the court sentenced him to a fifteen year term of incarceration, execution suspended after ten years, with five years probation. Attorney Peter Kelly represented the petitioner with respect to these charges.

On January 17, 1990, attorney Mark Beubendorf represented the petitioner in a separate criminal case.[2]

---

[1] *North Carolina* v. *Alford*, 400 U.S. 25, 37, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970) ("[a]n individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime").

[2] The petitioner had been charged with one count of assault in the second degree in violation of General Statutes (Rev. to 1985) § 53a-60 after allegedly assaulting a correctional officer. General Statutes (Rev. to 1985) § 53a-60 (a) provides in relevant part: "A person is guilty of assault in the second degree when: (1) With intent to cause serious physical injury to another person, he causes such injury to such person or to a third person . . . or (5) he is in the custody of the commissioner of correction, confined in any

During the trial of that case, the petitioner acted erratically, interrupted the court, left the courtroom for extended periods of time and challenged the ethnic makeup of the panel. The court ordered that the petitioner be placed in a room adjacent to the court. Nevertheless, the petitioner continued to scream, pound on the walls and broke a window in the room in which he was being held. As a result, the court found the petitioner guilty of contempt and sentenced him to an additional six months incarceration to be served consecutively to his previously imposed criminal sentence.

On October 14, 1997, the petitioner filed two petitions for writs of habeas corpus, claiming ineffective assistance of counsel during each criminal proceeding. On February 5, 1998, the court held an evidentiary hearing on both petitions. At the conclusion of the evidence, the court dismissed the petition related to the 1990 contempt conviction, and, in a written memorandum of decision dated February 17, 1998, the court denied the petition related to the 1987 criminal conviction.

In the course of the habeas hearing, the petitioner sought to raise a new claim. He claimed that at the time he committed the criminal offenses, he was only fifteen years old and, therefore, that his attorney "was ineffective for failing to ensure that a juvenile transfer hearing was conducted." The petitioner represented that his birthday was on December 18, 1970. If this were, in fact, his date of birth, he would have been fifteen years old at the time he committed the offenses. The habeas court determined, however, that his actual date of birth was April 5, 1970, which meant that he was sixteen years old at the time he committed the offenses.

---

institution or facility of the department of correction, or is a parolee from a correctional institution and with intent to cause physical injury to an employee of the department of correction or an employee or member of the board of parole, he causes physical injury to such employee or member."

The petitioner then moved the habeas court for reconsideration, which the court denied on March 20, 1998. On October 27, 1998, the court denied the petitions for certification to appeal on the ground that they were without merit. Additional facts will be discussed where necessary to the resolution of this appeal.

I

The petitioner first claims that the habeas court abused its discretion in denying the petition for certification to appeal from the judgment denying the petition with respect to the criminal conviction. The petitioner claims that the habeas court improperly rejected his claim that Kelly provided him ineffective assistance of counsel. Specifically, the petitioner claims that he gave his *Alford* plea unintelligently, involuntarily and in violation of General Statutes (Rev. to 1985) §§ 46b-120, 46b-121, 46b-126 (a), 54-76b and 54-76c, and that Kelly should have filed a motion to have the petitioner adjudicated as a youthful offender. Although we conclude that the habeas court should have granted the petition for certification to appeal, we affirm the judgment denying the writ.

A

"[A] disappointed habeas corpus litigant [may] invoke appellate jurisdiction for plenary review of the decision of the habeas court upon carrying the burden of persuasion that denial of certification to appeal was an abuse of discretion or that injustice appears to have been done." *Simms* v. *Warden*, 229 Conn. 178, 189, 640 A.2d 601 (1994). The Supreme Court adopted this test in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994), and stated that the petitioner must first show that the habeas court's decision was an abuse of discretion. To establish an abuse of discretion, the petitioner must demonstrate that "the issues are debatable among jurists of reason; that a court could resolve the issues

[in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) *Rivera* v. *Commissioner of Correction,* 254 Conn. 214, 227, 756 A.2d 1264 (2000); see also *Simms* v. *Warden,* supra, 230 Conn. 616–17. If the appeal meets one of the criteria set forth in *Simms,* the habeas court's failure to grant certification to appeal constitutes an abuse of discretion. After successfully demonstrating the existence of an abuse of discretion, "the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits." *Simms* v. *Warden,* supra, 230 Conn. 612.

The petitioner claims that Kelly should have sought youthful offender treatment for him. A "youthful offender" is a "youth who has committed a crime or crimes which are not class A felonies, who has not previously been convicted of a felony or been previously adjudged a youthful offender . . . ." General Statutes (Rev. to 1985) § 54-76b.[3] Minors who have committed offenses similar to those that the petitioner had committed have been adjudicated youthful offenders by the courts. In one case, a court adjudicated a minor a youthful offender after finding him guilty of theft of a firearm. See *State* v. *Anonymous (83-FG),* 190 Conn. 715, 716, 463 A.2d 533 (1983). A court adjudicated a minor a youthful offender after finding him guilty of sexual assault in *State* v. *Eric T.,* 8 Conn. App. 607, 609, 513 A.2d 1273 (1986). The defendant in that case was accorded

---

[3] General Statutes (Rev. to 1985) § 54-76b provides in relevant part: "For the purpose of sections 54-76b to 54-76n, inclusive, 'youth' means a minor who has reached the age of sixteen years but has not reached the age of eighteen years; and 'youthful offender' means a youth who has committed a crime or crimes which are not class A felonies, who has not previously been convicted of a felony or been previously adjudged a youthful offender, or been afforded a pretrial program for accelerated rehabilitation under section 54-56e, and who is adjudged a youthful offender pursuant to the provisions of said sections. . . ."

youthful offender status because he was between the ages of sixteen and eighteen at the time he committed the offense, and the offense he committed was not a class A felony.

The trial court may exercise its discretion to deny youthful offender status to a defendant when the crime committed is an especially horrendous act. In *State* v. *Sher*, 188 Conn. 565, 569, 452 A.2d 115 (1982), our Supreme Court agreed with the trial court's denial of the defendant's request for youthful offender status. The defendant, a sixteen year old youth, had been charged with the crimes of sexual assault in the first degree, sexual assault in the second degree and risk of injury to a child. The trial court stated that the defendant had been " 'charged with an horrendous sexual offense' " and that it could use its discretion to deny youthful offender status. Id., 568. On appeal, our Supreme Court held that the court's denial did not constitute an abuse of discretion due to the horrendous nature of the crime. Id., 569.

Although counsel in the present case failed to file a motion to have the petitioner treated as a youthful offender, it is clear that the petitioner met the statutory requirements of eligibility for the program: (1) he had reached the age of sixteen by the time he committed the offenses; (2) the crime he committed was not a class A felony; and (3) he neither had been convicted previously of a felony nor taken part in an accelerated rehabilitation program. See General Statutes (Rev. to 1985) § 54-76b. Whether counsel should have applied for youthful offender treatment was an issue debatable among reasonable jurists. See *Lozada* v. *Deeds*, 498 U.S. 430, 432, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991).

We are therefore persuaded that the habeas court abused its discretion in denying the petition for certification to appeal from the judgment denying the petition

for a writ of habeas corpus pertaining to the criminal conviction. Although we ultimately agree with the habeas court on the merits of the claims, the petitioner was entitled to have his petition for certification to appeal granted.

B

Having concluded that the habeas court abused its discretion in denying the petition for certification to appeal, we now proceed to a full review of the merits of the petitioner's claim. The issue before us is whether the habeas court improperly determined that the petitioner's trial counsel provided effective assistance. The petitioner claims, inter alia, that Kelly failed to advise him properly with respect to the meaning and effect of his *Alford* plea, failed to apply on his behalf for youthful offender status pursuant to § 54-76c, failed to move for an adult adjudication certification hearing pursuant to § 54-76b, failed to inform the court that the petitioner was illiterate and under the influence of antipsychotic medication and marijuana at the time of his plea, and that counsel manipulated and intimidated the petitioner to plead guilty by telling him that if he did not plead, he would not see his mother again. We agree with the determination of the habeas court that the petitioner was provided with effective assistance of counsel.

To prove ineffective assistance of counsel, the petitioner must meet the two criteria set forth in *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The petitioner must prove that his counsel's performance was deficient and that there is a reasonable probability that but for counsel's mistakes, the result would have been different. Performance is deficient where counsel made errors that were "so serious that counsel was not functioning as the 'counsel' guaranteed the [petitioner] by the Sixth Amendment"; id., 687; and that counsel's deficient performance preju-

diced the defense. To satisfy this prong, the petitioner must show that "counsel's errors were so serious as to deprive the [petitioner] of a fair trial, a trial whose result is reliable." Id. If either prong is not proved, the petitioner cannot prevail. In this case, the petitioner failed to prove either claim.

The petitioner's first claim is that Kelly failed to advise him properly with respect to the meaning of his *Alford* plea. It is well established that "this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous . . . ." (Internal quotation marks omitted.) *Fuller* v. *Commissioner of Correction*, 59 Conn. App. 302, 303, 755 A.2d 380, cert. denied, 254 Conn. 943, 761 A.2d 760 (2000), quoting *Birch* v. *Commissioner of Correction*, 57 Conn. App. 383, 384, 749 A.2d 648, cert. denied, 253 Conn. 920, 755 A.2d 213 (2000). During the February 5, 1998 evidentiary hearing, Kelly testified that although he did not recall any specific conversations that he may have had with the petitioner regarding his *Alford* plea, it was his general practice to explain the meaning and legal implications of such a plea to his clients. Kelly also testified that he would not have allowed any of his clients to enter a plea unless he was sure that the client had a full understanding of its nature. The habeas court found that the petitioner's actions in and out of court, including his continual denial of the charges, would have required that Kelly explain the effect and purpose of the plea. The habeas court found that Kelly did not intimidate the petitioner into pleading guilty. The habeas court's findings demonstrate that Kelly's actions regarding the alleged failure to advise the petitioner on his *Alford* plea were not deficient and, thus, did not constitute ineffective assistance of counsel.

The petitioner's second claim is that Kelly failed to file a motion to have the petitioner adjudicated as a

youthful offender pursuant to § 54-76c.[4] At the evidentiary hearing, Kelly testified that it was his general practice to explore all diversionary programs and any other statutory procedures that he could employ to dispose of cases. This would include the youthful offender program. Kelly explained that generally the presiding judge, defense counsel and the state's attorney would discuss the case and all feasible options off the record in a series of sessions held in the presiding judge's chambers. It is evident from Kelly's testimony that he explored the program and found that the court would not grant eligibility for the program in the present situation. Although counsel did not apply for youthful offender treatment, the habeas court determined that counsel explored and discounted the procedure, and that counsel's inaction did not constitute ineffective assistance of counsel. Therefore, the habeas court's finding that Kelly's failure to seek to have the petitioner considered for the youthful offender program did not amount to ineffective assistance of counsel was not clearly erroneous.

The petitioner's third claim is that Kelly failed to file a motion for an adult adjudication certification hearing (transfer hearing) pursuant to § 54-76b. The trial court determined that the petitioner was not fifteen years of age, as he claimed, at the time of the offense. Because he was sixteen years old, a transfer hearing was not statutorily mandated. Therefore, Kelly's failure to file

---

[4] General Statutes (Rev. to 1985) § 54-76c provides: "In any case where an information or complaint has been laid charging a defendant with the commission of a crime, and where it appears that the defendant is a youth, upon motion of the defendant, his counsel, the state's attorney or the prosecuting attorney, as the case may be, to the court having jurisdiction that an investigation be made of such defendant for the purpose of determining whether he is eligible to be adjudged a youthful offender, the court shall, but only as to the public, order such information or complaint to be filed as a sealed information or complaint. The court on its own motion may, but only as to the public, order the information or complaint sealed in the case of a youth charged with crime."

a motion for an adult adjudication certification hearing did not amount to ineffective assistance of counsel.

The petitioner's fourth claim is that Kelly failed to inform the court that he was illiterate and under the influence of both antipsychotic medication and marijuana at the time of his plea. During the evidentiary hearing, the court stated that "[i]f the petitioner was unable to read or write in 1987 at the time of his plea, he made a huge step to 1995 when he submitted many writing samples which contained few misspellings, good punctuation and excellent sentence structure." Furthermore, the court determined that the petitioner clearly responded to questions during his sentencing and appeared unencumbered by any effects of medication or marijuana use. Thus, Kelly's failure to inform the court that the petitioner was illiterate or under the influence of antipsychotic medication or marijuana at the time of his plea does not demonstrate ineffective assistance of counsel.

The petitioner's fifth claim is that Kelly manipulated and intimidated him to plead guilty by telling him that if he did not plead, he would not see his mother again. The court commented after the evidentiary hearing that after "[l]istening to him in court and reading his comments in the sentencing transcript, [it could] not conceive of [the petitioner] being intimidated to plea." In claiming that Kelly's actions amounted to ineffective assistance of counsel, the petitioner had alleged a violation of the sixth amendment. On the basis of the evidence presented, the habeas court's determination was not clearly erroneous. The petitioner failed to establish either deficiency on the part of his trial counsel or prejudice. We agree with the determination of the habeas court that the petitioner was provided with effective assistance of counsel.

## II

The petitioner next claims that the habeas court abused its discretion in denying the petition for certification to appeal from the dismissal of the petition for a writ of habeas corpus with respect to the contempt charges. Specifically, the petitioner claims that he had shown that the issues presented were debatable among jurists of reason.

Our Supreme Court has stated that "[a] writ of error is the sole method of review of a summary criminal contempt proceeding." *Banks* v. *Thomas*, 241 Conn. 569, 585, 698 A.2d 268 (1997). The petitioner thus may not seek habeas review of his claim that his counsel was ineffective during the course of a criminal contempt proceeding.[5] We therefore decline to review this claim.

The judgment denying the petition related to the petitioner's 1987 criminal conviction is affirmed; the appeal is dismissed as to the judgment dismissing the petition related to the 1990 contempt conviction.

In this opinion the other judges concurred.

---

[5] "Of course, a contemnor whose counsel negligently has failed to file a writ of error in a timely manner could seek habeas corpus relief on the ground of ineffective assistance of appellate counsel." *Banks* v. *Thomas*, supra, 241 Conn. 585 n.17. This is not such a claim.