## DAVID KENNETT *v.* COMMISSIONER OF CORRECTION
### (AC 18931)

Schaller, Spear and Stoughton, Js.

Argued December 1, 1999—officially released April 18, 2000

*Donald D. Dakers*, special public defender, for the appellant (petitioner).

*Lawrence J. Tytla*, senior assistant state's attorney, with whom, on the brief, was *Kevin T. Kane*, state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. In the criminal case that gave rise to the petitioner's petition for a writ of habeas corpus, the petitioner, David Kennett, was convicted of nine counts of sexual assault in the first degree, one count of attempt to commit sexual assault in the first degree, two counts of kidnapping in the first degree, two counts of threatening, two counts of sexual assault in the fourth degree and one count of interfering with the execution of a search warrant. The petitioner was sentenced to a total effective sentence of eighty-two years, execution suspended after fifty-four years. This court affirmed the judgment of conviction in *State* v. *Kennett*, 25 Conn. App. 801, 592 A.2d 434 (1991).

In his amended petition, the petitioner alleged that he was denied his state and federal constitutional rights to effective assistance of counsel on the grounds that his trial counsel (1) failed to require the court to be present at and preside during the voir dire of potential jurors, (2) failed to request DNA testing to establish that the petitioner did not have sexual relations with the victims, (3) refused to let the petitioner testify, (4) failed to move for a mistrial when the prosecutor advised the court that the mother of one of the victims had told the prosecutor that she recognized one of the jurors as someone who knew the father of one of the victims and (5) failed to file a motion to compel the state to produce a white sweatshirt that was worn by one of the victims. The habeas court dismissed the petition and denied the petitioner's subsequent petition for certification to appeal.

The habeas court's dismissal of the petition for a writ of habeas corpus was predicated on (1) the voir dire having taken place prior to our Supreme Court's decision in *State* v. *Patterson*, 230 Conn. 385, 400, 645 A.2d 535 (1994), which imposed the requirement that the trial judge be present to oversee voir dire, (2) the lack of sufficient substance for DNA testing, (3) credibility determinations with respect to the witnesses, (4) the fact that the subject juror was an alternate who never participated in deliberations and (5) uncertain testimony as to whether a white sweatshirt, a sweater or a blouse had been worn by one of the victims. The court found that the petitioner had failed to rebut the strong presumption that "counsel's conduct [fell] within the wide range of reasonable professional assistance . . . ." *Safford* v. *Warden*, 223 Conn. 180, 193, 612 A.2d 1161 (1992).

After a review of the record and briefs, we conclude that the petitioner has failed to make a substantial showing that he has been denied a state or federal constitu-

tional right and, further, that he has failed to sustain his burden of persuasion that the denial of certification to appeal was a clear abuse of discretion or that an injustice has been done. See *Simms* v. *Warden,* 230 Conn. 608, 612, 646 A.2d 126 (1994); *Simms* v. *Warden,* 229 Conn. 178, 189, 640 A.2d 601 (1994); *Walker* v. *Commissioner of Correction,* 38 Conn. App. 99, 100, 659 A.2d 195, cert. denied, 234 Conn. 920, 661 A.2d 100 (1995); see also *Lozada* v. *Deeds,* 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991).

We conclude that the habeas court had before it sufficient evidence to find as it did and that it did not abuse its discretion in denying the petition for certification to appeal.

The appeal is dismissed.