### RALPH J. BIRCH *v.* COMMISSIONER OF CORRECTION
### (AC 18671)

Foti, Lavery and Schaller, Js.[1]

Argued February 28—officially released April 18, 2000

*David B. Rozwaski,* for the appellant (petitioner).

*Lisa A. Riggione,* senior assistant state's attorney, with whom, on the brief, were *Frank S. Maco,* state's attorney, *David S. Shepack,* senior assistant state's attorney, and *Jo Anne Sulik,* assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Ralph J. Birch, appeals from the habeas court's denial of his amended petition for a writ of habeas corpus. He claims the court improperly determined that his trial counsel provided effective assistance.[2] Our examination of the record and briefs,

---

[1] The listing of judges reflects their seniority status on this court as of the date of oral argument.

[2] Following a jury trial in June, 1989, the petitioner was convicted of felony murder in violation of General Statutes § 53a-54c.

and our consideration of the oral arguments of the parties persuades us that the judgment of the habeas court should be affirmed.

In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary. *Johnson* v. *Commissioner of Correction*, 36 Conn. App. 695, 700, 652 A.2d 1050, cert. denied, 233 Conn. 912, 659 A.2d 183 (1995). For the petitioner to prevail on his claim of ineffective assistance of counsel, he must establish both that his counsel's performance was deficient and that there is a reasonable probability that, but for counsel's mistakes, the result of the proceeding would have been different. *Strickland* v. *Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Bunkley* v. *Commissioner of Correction*, 222 Conn. 444, 445, 610 A.2d 598 (1992). The petitioner has not satisfied this burden.

The habeas court's dismissal of the petition was based on a review of the petitioner's claims[3] and its findings that the petitioner's trial counsel (1) adequately investigated the facts and the law, (2) made reasonable strategic decisions to not call certain witnesses or to present certain evidence and (3) conducted effective cross-examinations of the state's witnesses. The habeas court further found that there was no credible evidence that the petitioner's trial counsel failed to provide him with discovery materials. Accordingly, the habeas court concluded that the petitioner had failed to carry the

---

[3] The petitioner claims, inter alia, that his trial counsel failed to (1) provide him with certain discovery materials, (2) investigate alibi witnesses, (3) present an adequate alibi defense and (4) impeach the state's witnesses effectively.

burden of proof required to establish that his trial counsel provided ineffective assistance.

We conclude that the habeas court's findings of fact were not clearly erroneous and that its decision to dismiss the petition resulted from a correct application of the law to the facts.

The judgment is affirmed.