WILLIE J. FULLER, JR. *v.* COMMISSIONER
OF CORRECTION
(AC 19249)

Landau, Mihalakos and Pellegrino, Js.

Argued May 1—officially released August 8, 2000

Robert E. Byron, for the appellant (petitioner).

Christopher T. Godialis, assistant state's attorney, with whom, on the brief, were James E. Thomas, state's attorney, and Mary Elizabeth Baran, assistant state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Willie J. Fuller, Jr., appeals from the judgment of the habeas court denying his petition for certification to appeal from the dismissal of his petition for a writ of habeas corpus. He claims that the habeas court improperly determined that his trial counsel provided effective assistance.[1] Our examination of the record and briefs and consideration of the oral arguments of the parties persuades us that the habeas court acted properly and that the appeal should be dismissed.

"In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary. . . . For [a] petitioner to prevail on his claim of ineffective assistance of counsel, he must establish both that his counsel's performance was deficient and that there is a reasonable probability that, but for counsel's mistakes, the result of the proceeding would have been different." (Citation omitted.) *Birch* v. *Commissioner of Correction*, 57

---

[1] Following a jury trial in February, 1996, the petitioner was convicted of robbery in the third degree in violation of General Statutes § 53a-136, larceny in the second degree in violation of General Statutes § 53a-123 and tampering with physical evidence in violation of General Statutes § 53a-155. See *State* v. *Fuller*, 47 Conn. App. 917, 703 A.2d 1193 (1997), cert. denied, 243 Conn. 969, 707 A.2d 1270 (1998).

Conn. App. 383, 384, 749 A.2d 648, cert. denied, 253 Conn. 920, 755 A.2d 213 (2000).

The petitioner has not satisfied this burden. He has failed to make a substantial showing that he has been denied a state or federal constitutional right and, further, has failed to sustain his burden of persuasion that the denial of certification to appeal was a clear abuse of discretion or that an injustice has been done. See *Kennett* v. *Commissioner of Correction*, 57 Conn. App. 333, 334–35, 749 A.2d 45 (2000).

The habeas court's dismissal of the petition for a writ of habeas corpus was based on a review of the petitioner's claims[2] and its determination that he had failed to rebut the "strong presumption that counsel's conduct f[ell] within the wide range of reasonable professional assistance . . . ." *Safford* v. *Warden*, 223 Conn. 180, 193, 612 A.2d 1161 (1992). The habeas court also found that the outcome of the trial would not have been any different even if the claim of counsel's unprofessional conduct were proven, given the evidence offered against the petitioner that he was in possession of personal items belonging to the victim three days after the crime. Accordingly, we conclude that the habeas court had before it sufficient evidence to find as it did and that it did not abuse its discretion in denying the petitioner's petition for certification to appeal.

The appeal is dismissed.

---

[2] The petitioner claims that his trial counsel failed to (1) prepare defense witnesses, (2) conduct a thorough cross-examination of the state's witnesses, (3) call as witnesses those helpful to the petitioner's defense and (4) maintain adequate communication with the petitioner.