TROY BUTLER *v.* COMMISSIONER OF CORRECTION
(AC 20257)

Mihalakos, Flynn and Healey, Js.

Submitted on briefs February 20—officially released May 22, 2001

*Patrice A. Cohan*, special public defender, filed a brief for the appellant (petitioner).

*Michael Dearington*, state's attorney, *Margaret Gaffney Radionovas*, assistant state's attorney, and *Mary Elizabeth Baran*, senior assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

FLYNN, J. The petitioner, Troy Butler, appeals from the judgment of the habeas court dismissing his petition for a writ of habeas corpus. On appeal, the petitioner claims that the dismissal was improper because his trial

counsel failed to render effective assistance in violation of (1) the sixth and fourteenth amendments to the United States constitution as a result of counsel's waiver of the petitioner's right to elect between a trial to a jury or to a court, a right that the petitioner asserts is fundamental and personal to a criminal defendant, and waivable only by him regardless of counsel's tactical decisions, and (2) the petitioner's right to due process of law by failing to ensure that he was arraigned and put to plea on the enhanced count of conspiracy to commit murder, thus depriving him of his right to adequate notice of the charges and resulting in fundamental unfairness in the criminal proceedings. We affirm the judgment of the habeas court.

The following facts found by the court are relevant to this appeal. The petitioner was arraigned and put to plea after being charged in a three count information with manslaughter in the first degree in violation of General Statutes § 53a-55 (a) (1), conspiracy to commit manslaughter in the first degree in violation of General Statutes §§ 53a-48 and 53a-55 (a) (1), and carrying a pistol without a permit in violation of General Statutes § 29-35. On July 9, 1992, the petitioner entered pleas of not guilty and elected a trial by jury.

On or about January 7, 1993, over the objection of the petitioner, the state filed a four count substitute information charging him with a new charge of *conspiracy to commit murder* in violation of General Statutes §§ 53a-48 and 53a-54a in lieu of the original charge of conspiracy to commit manslaughter. The state also charged him with manslaughter in the first degree in violation of § 53a-55 (a) (1), manslaughter in the first degree in violation of § 53a-55 (a) (3) and carrying a pistol without a permit in violation of § 29-35. The matter proceeded to a jury trial on all charges.

On February 11, 1993, the jury returned a verdict of guilty of conspiracy to commit murder in violation of §§ 53a-48 and 53a-54a, manslaughter in the first degree in violation of § 53a-55 (a) (1) and carrying a pistol without a permit in violation of § 29-35. On April 2, 1993, the petitioner was sentenced to twenty years of incarceration, suspended after thirteen years, with three years probation on the charge of conspiracy to commit murder, ten years of incarceration, suspended after five years, to run consecutively, on the manslaughter charge, and four years of incarceration, consecutive to counts one and two, on the charge of carrying a pistol without a permit.

We first note our standard of review. "In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." (Internal quotation marks omitted.) *Fuller* v. *Commissioner of Correction*, 59 Conn. App. 302, 303, 755 A.2d 380, cert. denied, 254 Conn. 943, 761 A.2d 760 (2000).

"A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction . . . has two components. First, the defendant must show that counsel's performance was deficient. This requires [a] showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires [a] showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the

result unreliable." *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

I

The petitioner first claims that trial counsel failed to render effective assistance in violation of the sixth and fourteenth amendments to the United States constitution by waiving the petitioner's right to elect between a trial to a jury or to a court, a fundamental right that is personal to a criminal defendant and waivable only by him regardless of counsel's tactical decisions. We disagree.

We turn first to the petitioner's claim that he was denied effective assistance of counsel because his trial counsel waived, without his consultation, the right to elect between a trial to a jury or to a court on the substituted count of conspiracy to commit murder. The habeas court found that the petitioner had been made aware of his right to elect between a trial to the court or to a jury at the July 9, 1992 arraignment hearing on the original charges. The record also supports the court's finding that the petitioner offered no persuasive evidence that he would have changed his previous election from a jury trial to a court trial on the substituted charge because the theories of his defense remained the same both before and after the filing of the substituted information. We agree with the court that the petitioner failed to sustain his burden under *Strickland* of demonstrating that had trial counsel consulted with him regarding his right to elect between a trial to a court or to a jury, the outcome of the trial would have been different.

Moreover, the petitioner has no fundamental right under the federal constitution to have his case tried before a judge alone without a jury. *Singer* v. *United States*, 380 U.S. 24, 85 S. Ct. 783, 13 L. Ed. 2d 630 (1965). As Chief Justice Warren, writing for a unanimous court

in *Singer*, pointed out, the fact that some states have permitted nonjury trials of criminal cases "in no way show[s] that there was any general recognition of a defendant's right to be tried by the court instead of by a jury. Indeed, if there had been recognition of such a right, it would be difficult to understand why Article III [of the United States constitution] and the Sixth Amendment were not drafted in terms which recognized an option." Id., 31.

Likewise, there is no fundamental right to a court trial under our state constitution. In *State* v. *Godek*, 182 Conn. 353, 357–58, 438 A.2d 114 (1980), cert. denied, 450 U.S. 1031, 101 S. Ct. 1741, 68 L. Ed. 2d 226 (1981), the trial judge who accepted the defendant's plea of nolo contendere to a charge of unlawful restraint in the first degree had not specifically advised him that he had a right to a trial by the court on that charge, which he was giving up by entering a plea of nolo contendere. Our Supreme Court noted that although the defendant had a right to waive a jury trial under General Statutes § 54-82 (a),[1] that election is not a right guaranteed by our state constitution or by the federal constitution. *State* v. *Godek*, supra, 362 & n.90.

## II

The petitioner next claims that he was denied due process of law by his counsel's failure to ensure that he was arraigned and put to plea on the substituted count of conspiracy to commit murder, thus depriving him of his right to adequate notice of the charges and resulting in fundamental unfairness in the criminal proceedings. We disagree.

---

[1] General Statutes § 54-82 (a) provides: "In any criminal case, prosecution or proceeding, the party accused may, if he so elects when called upon to plead, be tried by the court instead of by the jury; and, in such case, the court shall have jurisdiction to hear and try such case and render judgment and sentence thereon."

Generally, a defendant appears for arraignment before a judicial authority; Practice Book § 37-1; and, "[u]pon being read the charges against him or her contained in the information or complaint, the defendant . . . enter[s] a plea of not guilty, guilty, or nolo contendere." Practice Book § 37-7. Connecticut courts adopt the principle that "when a defendant has been put to plea on a charge, the failure to put the defendant to plea again on an amended information when the nature of the offense is not changed is not a constitutional error." *State* v. *Henry*, 253 Conn. 354, 370, 752 A.2d 40 (2000). If the amendment effects a substantive change, however, the accused must be rearraigned. 2 F. Wharton, Criminal Procedure (13th Ed. Torcia 1990) § 308, p. 340.

In this case, it is undisputed that the petitioner was never formally arraigned and put to plea on the first count of the substituted information, conspiracy to commit murder. The habeas court found that "[a]t no time did trial counsel demand that his client be put to plea on the substituted charge of conspiracy to commit murder . . . ." Because the nature of the offense was *substantively changed* by the amended information from conspiracy to commit manslaughter to conspiracy to commit murder,[2] the petitioner should have been rearraigned and put to plea again. Although we do not approve of any failure to comply with the requirements

---

[2] We note that conspiracy to commit involuntary manslaughter is not a cognizable crime. *State* v. *Montgomery*, 22 Conn. App. 340, 344, 578 A.2d 130, cert. denied, 216 Conn. 813, 580 A.2d 64 (1990). Manslaughter under § 53a-55 (a) (1) requires a finding that the defendant intended to inflict serious bodily injury and that an unintended death resulted. See id. "Conviction of that crime does not encompass an intent that death . . . result." Id. In contrast, conspiracy to commit murder requires that the conspirators "intended to [agree] and that they intended to cause the death of another person." (Internal quotation marks omitted.) *State* v. *Crump*, 43 Conn. App. 252, 259, 683 A.2d 402, cert. denied, 239 Conn. 941, 684 A.2d 712 (1996); General Statutes §§ 53a-48 and 53a-54a.

of Practice Book §§ 37-1 and 37-7, which require a defendant to be arraigned and put to plea, it does not follow that every deviation from the specific requirements of either rule mandates a conclusion of reversible error.

Notwithstanding that defect, there was a waiver of the petitioner's right to be put to plea on the substituted count by virtue of his proceeding to trial. We do not find it necessary to review the habeas court's decision that the petitioner's trial counsel could waive the petitioner's right to be arraigned on the new charge. The record clearly indicates that the petitioner himself had been advised by the trial judge of his rights at his initial arraignment and that he proceeded after the filing of the substituted information to participate in a jury trial on all charges, without protest, as if not guilty pleas had been entered on all charges. Although he was not arraigned on the substituted conspiracy charge, he certainly was aware of the nature of the newly added conspiracy charge against him, despite the lack of formal arraignment on it, as the court found, by virtue of his being present (1) at the proceeding in which his attorney objected to its being filed, (2) during jury selection when the charges were read, (3) during the judge's opening instructions to the jury, (4) during closing argument, (5) at the time the trial judge gave instructions to the jury and (6) during argument on the petitioner's motion for a judgment of acquittal. The habeas court properly found that "[t]he petitioner had timely and adequate notice of the substituted charge of conspiracy to commit murder."

Moreover, the petitioner testified that had he been put to plea again, he would have entered a plea of not guilty. The effect of his proceeding to trial was as if he had pleaded not guilty, which was to his advantage. He has made no claim before the habeas court that he wanted to plead guilty. Furthermore, the record is clear that the petitioner's primary defense to the charges was

to attack the identification of him that was made at trial by the state's witness, which defense was not changed by the new conspiracy charge.

Additionally, the petitioner must provide a specific showing of prejudice to establish that he was denied due process of law. See *State* v. *Franko*, 199 Conn. 481, 492, 508 A.2d 22 (1986). In light of the actual notice that the petitioner had of the new charge and the fact that the state was required to prove his guilt beyond a reasonable doubt, he has not demonstrated that he was harmed in any way by the court's failure to put him to plea on the substituted charge of conspiracy to commit murder. The habeas court concluded, and we agree, that "[t]he petitioner has failed to show prejudice such as to have deprived him of his constitutional right to a fair trial."

Similarly, the petitioner has failed to establish that his trial counsel's failure to ensure that he was arraigned and put to plea on the substituted count was "deficient" performance outside the range of reasonable professional assistance and, further, that it would have changed the outcome of his trial.

The judgment is affirmed.

In this opinion the other judges concurred.