ESSAID MEZRIOUI *v.* COMMISSIONER OF
CORRECTION
(AC 20851)

Foti, Landau and Dranginis, Js.

Submitted on briefs September 12—officially released November 13, 2001

*Sarah F. Summons*, special public defender, filed a brief for the appellant (petitioner).

*James E. Thomas*, state's attorney, *Timothy J. Sugrue*, senior assistant state's attorney, and *Edward R. Narus*, senior assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Essaid Mezrioui, appeals from the judgment of the habeas court dismissing his amended petition for a writ of habeas corpus in which he alleged ineffective assistance of counsel.

The petitioner claims that the court improperly concluded that defense counsel (1) performed a sufficient pretrial investigation, (2) adequately examined and cross-examined witnesses, (3) did not fail to call certain witnesses and (4) adequately cross-examined the alleged victim. We affirm the judgment of the habeas court.

We must first set forth our standard of review. "In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." (Internal quotation marks omitted.) *Fuller* v. *Commissioner of Correction*, 59 Conn. App. 302, 303, 755 A.2d 380, cert. denied, 254 Conn. 943, 761 A.2d 760 (2000).

"A criminal defendant is constitutionally entitled to adequate and effective assistance of counsel . . . . In *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the United States Supreme Court established that for a petitioner to prevail on a claim of ineffective assistance of counsel, he must show that counsel's assistance was so defective as to require reversal of [the] conviction . . . . That requires the petitioner to show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. . . . Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable. . . .

"The first component of the *Strickland* test, generally referred to as the performance prong, requires that the petitioner show that counsel's representation fell below an objective standard of reasonableness. . . . In *Strickland*, the United States Supreme Court held that

[j]udicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a [petitioner] to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [petitioner] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. . . . [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." (Citations omitted; internal quotation marks omitted.) *Minnifield* v. *Commissioner of Correction*, 62 Conn. App. 68, 70–72, 767 A.2d 1262, cert. denied, 256 Conn. 907, 772 A.2d 596 (2001).

On the basis of our review of the record, we conclude that the petitioner did not overcome the presumption that under the circumstances, trial counsel employed sound trial strategy. See *Hull* v. *Warden*, 32 Conn. App. 170, 175–76, 628 A.2d 32, cert. denied, 227 Conn. 920, 632 A.2d 691 (1993). The petitioner failed to sustain his burden of proving that counsel's performance was deficient and that the petitioner suffered actual prejudice. See *Strickland* v. *Washington*, supra, 466 U.S. 687. The habeas court properly concluded as it did.

The judgment is affirmed.