[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner has filed a habeas corpus petition alleging unlawful confinement by reason of ineffective assistance of counsel by the petitioner's trial attorney. The petitioner was arrested on August 28, 1996 and charged by short form information with violations of General Statutes § 21a-278 (a), Sale of Illegal Drugs and General Statutes § 21a-277 (c), Operation of a Drug Factory. On June 4, 1997 the State of Connecticut, as the prosecuting authority, filed a long form substitute information charging the petitioner with the following crimes: Possession of a Narcotic Substance with the Intent to Sell, General Statutes § 21-278 (a); Conspiracy to Possess a Narcotic Substance with Intent to Sell, General Statutes § 53a-48 (a) and CT Page 16185 General Statutes § 21a-278 (a); Possession of a Narcotic Substance with Intent to Sell, General Statutes § 21a-277 (a); Conspiracy to Possess a Narcotic Substance, with Intent to Sell, General Statutes § 53a-48 (a) and § 21a-277 (a); and Possession of Drug Paraphernalia, General Statutes § 21a-267a.
On June 4, 1997 the petitioner entered pleas of not guilty to all of the above-listed criminal offenses. A jury trial was commenced on July 1, 1997. On July 15, 1997, the petitioner was found guilty of Possession of a Narcotic Substance with Intent to Sell, General Statutes § 21a-278
(a); Conspiracy to Possess a Narcotic Substance with the Intent to Sell, General Statutes § 53a-48 (a) and § 21a-278 (a); and Possession of Drug Paraphernalia, General Statutes § 21a-267 (a).
On September 12, 1997, the petitioner was sentenced by the court to a total effective sentence of eighteen years incarceration on the various charges for which the petitioner was convicted. The petitioner remains incarcerated in the custody of the Commissioner of Corrections, and is currently held at the MacDougall Correctional Institution in Suffield, Connecticut, having been transferred from the Correctional Center at Cheshire during the pendency of this action.
The petitioner's pro se petition was filed on August 24, 1998. Counsel was appointed for the petitioner and an Amended Petition was filed on November 6, 2000. A hearing on the amended petition was held on November 27, 2001.
The Amended Petition is in one count and alleges unlawful confinement by reason of ineffective assistance of trial counsel. Said Amended Petition alleges that defense counsel (1) did not adequately advise the petitioner concerning his options for various potential defenses, (2) did not adequately advise the petitioner concerning the burden of proof on the issue of drug dependence under General Statutes § 21a-278a (b), (3) did not conduct sufficient investigation into the legal issues in the petitioner's case, (4) did not conduct sufficient investigation into the potential defenses to the prosecution's case, (5) did not conduct sufficient investigation into the state's proof, (6) did not conduct sufficient investigation into the defense case, (7) did not conduct sufficient investigation into the witnesses available to support potential defenses, (8) did not call the co-defendant as a witness who would have either exonerated the petitioner or given information helpful to the petitioner's defense, and (9) did not conduct sufficient investigation into the identity of the confidential informant used by the Waterbury Police Department.
The petitioner claims that trial counsel's acts and omissions, as set CT Page 16186 forth, fell below the standard of reasonable competence in criminal law. The petitioner further claims that, but for the trial counsel's errors and omissions it is reasonably probable that the result of the jury trial would have been different, and his confinement is unlawful in that it is based upon a conviction obtained in violation of the petitioner's state and federal constitutional rights to the effective assistance of counsel.
"A criminal defendant is constitutionally entitled to adequate and effective assistance of counsel. . . . In Strickland v. Washington,466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court established that for a petitioner to prevail on a claim of ineffective assistance of counsel, he must show that counsel's assistance was so defective as to require reversal of [the] conviction. . . . That requires the petitioner to show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. . . . Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable. . . ."Mezrioui v. Commissioner of Correction, 66 Conn. App. 836
(2001).
"The first component of the Strickland test, generally referred to as the performance prong, requires that the petitioner show that counsel's representation fell below an objective standard of reasonableness. . . . In Strickland, the United States Supreme Court held that [j]udicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a [petitioner] to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [petitioner] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. . . . [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." (Citations omitted; internal quotation marks omitted.) Minnifield v. Commissioner of Correction,62 Conn. App. 68, 70-72, 767 A.2d 1262, cert. denied, 256 Conn. 907, 772 A.2d 596 (2001); MezriouiCT Page 16187v. Commissioner of Corrections, supra at 837-38.
The facts underlying the petitioner's conviction reveal that on August 28, 1996, a search warrant had been issued for the premises at 35-16 Mountain Village Road, Waterbury, Connecticut, a 1988 Dodge Ram truck and the search of the person for Richard Berger, the petitioner's brother. The information used by the Waterbury Police in applying for said search warrant was received from a confidential informant and concerned Richard Berger's use of the said premises and motor vehicle for illegal drug transactions.
Upon execution of the search warrant the petitioner was found inside the apartment where 1.08 kilograms of cocaine, scales, razors and materials used for the packaging of drugs were found. The electric utility bill for the apartment was in the petitioner's name. The apartment, containing no food and few furnishings was leased to his girlfriend, although the petitioner and his girlfriend resided elsewhere. The petitioner who had a key to the apartment and his brother the co-defendant, had previously been seen entering the apartment with keys of their own on several occasions. A picture of the petitioner and clothing belonging to him were found in the bedroom and bedroom closet. Some of the cocaine, which was seized was found inside clothing belonging to the petitioner. The petitioner's brother, who was also arrested, is claimed to have admitted to the arresting police officers that the drugs seized belonged to him, and that the apartment was also his. However the petitioner's brother invoked his Fifth Amendment rights, and refused to testify at the petitioner's jury trial.
The petitioner and his attorney conferred on multiple occasions following the petitioner's arrest and during the pretrial proceedings in court. The petitioner admits that "I knew the charges against me when I went to trial. I asked questions and my lawyer did answer me." The court also finds that the defendant was aware of all plea negotiations and voluntarily, knowingly and understandingly made a choice to reject plea negotiations offered by the state and to proceed with his jury trial. On numerous occasions the petitioner and his defense counsel discussed possible defenses that the petitioner could and did raise at trial. The petitioner after conferring with his defense counsel, testified in his own behalf and gave his version of his brother Richard Berger's statements regarding who the drugs and the apartment belonged to. An additional co-defendant was not called as a witness by defense counsel, as the petitioner and counsel had been advised prior, that the co-defendant would invoke his Fifth Amendment rights not to testify and incriminate himself.
Additional possible witnesses who were not called were judged by CT Page 16188 defense counsel to have potential credibility problems, and were judged to be unreliable as to what events and/or facts they might testify to. One witness which petitioner claims should have been called to testify at the trial, testified at the petitioner's habeas corpus hearing that she did not know who the seized drugs belonged to. Another potential defense witness testified at the habeas hearing that on a previous occasion she had given a false statement to the police regarding a theft of drug related currency from the co-defendant Richard Berger. She also testified at the habeas hearing that she had no knowledge of the apartment at 35-16 Mountain Village Road, Waterbury, Connecticut.
The petitioner at the habeas hearing presented an investigator as a witness. The investigator testified that he interviewed persons, who were not interviewed by defense counsel prior to the petitioner's jury trial. While this investigator named the persons he interviewed, he offered no testimony as to the results of those interviews. The court concludes that the interviews were unproductive and offered no possibility of favorable or exculpatory information for the petitioner.
After hearing testimony by defense counsel, the court finds that defense counsel reviewed all of the evidence and police reports. Defense counsel filed two motions to suppress evidence, that were denied. He requested the identity of the confidential informant and that request was denied by the court. He reviewed video surveillance tapes of the police, showing the petitioner entering the apartment that was the subject of the search warrant. The petitioner used his own key to gain entrance. The court also finds that the petitioner was aware of the maximum penalties for each criminal charge that he faced at trial. The petitioner was fully aware of the state's evidence and the defenses available to him when he chose to proceed to trial.
Lastly, the petitioner, at his hearing did not present any expert attorney witness to testify as to what a reasonably competent criminal defense attorney should have done, in contrast to what petitioner's defense counsel did in his defense of the petitioner. No testimony was ever offered by the petitioner or any of his witnesses as to how the outcome of the petitioner's trial would likely have been more favorable if his trial counsel had proceeded differently.
The court finds that the petitioner has failed to establish any of his claims that trial counsel rendered ineffective assistance of counsel in the course of his representation of the petitioner. The petitioner has failed to establish a reasonable likelihood that, but for trial counsel's deficient performance, it was reasonably likely that the outcome would have been more favorable to the petitioner. Given the evidence presented by the state and the fact that neither co-defendant was willing to CT Page 16189 testify in the petitioner's behalf, the efforts of trial counsel fell within the range of reasonable professional assistance of a competent trial lawyer.
The petitioner has failed to establish any of his claims. The petition is hereby dismissed.
By the Court,
Richard E. Arnold, Judge