[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner has filed a habeas corpus petition alleging unlawful confinement. The record indicates that on June 22, 1993, the petitioner was found guilty, after trial before a three judge panel, of murder in violation of General Statutes §§ 53a-54a and 53a-8 and three counts of Tampering with Physical Evidence in violation of General Statutes §§53a-155 (a)(1) and 53a-8. On August 6, 1993, the court sentenced the petitioner to a total I effective sentence of sixty years incarceration. Thereafter, the petitioner appealed his conviction. On March 26, 1996, the judgment of conviction was affirmed by the Connecticut Supreme Court. State v. Bruno, 236 Conn. 514, 673 A.2d 1117 (1996).
On July 10, 1996, the petitioner initiated the present habeas corpus proceeding by filing a pro se petition alleging ineffective assistance of counsel. The petitioner subsequently filed amendments to his petition, adding allegations that his rights to a jury trial and a public trial had been violated. The pro se petition and subsequent amended petitions one and two were subsequently supplanted by a third amended petition, which alleges ineffective assistance of trial counsel in that trial counsel CT Page 2739 waived the petitioner's right to a jury trial without the petitioner's consent. The third amended petition also alleges the ineffective assistance of the petitioner's appellate counsel, in that the appellate counsel failed to present the issue of no jury waiver; and lastly, that the trial court violated the petitioner's right to due process by failing to canvass the petitioner as to his waiver of the right to a jury trial.
The respondent, Warden, has filed an amended return dated July 6, 2001, denying the petitioner's allegations. Additionally, the respondent alleges a defense of procedural default as to the failure to raise the issue of a waiver to a jury trial, in the appellate forum.
Thereafter, a trial on the habeas corpus petition was held before this court on December 6, 2001 and December 10, 2001.
 I.
The court will first address the petitioner's claims of ineffective assistance of his trial counsel and his appellate counsel. The factual background of this case is set forth in State v. Bruno, 236 Conn. 514
(1996). The standard of review for ineffective assistance of counsel claims is well established.
"A criminal defendant is constitutionally entitled to adequate and effective assistance of counsel. . . . In Strickland v. Washington,466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court established that for a petitioner to prevail on a claim of ineffective assistance of counsel, he must show that counsel's assistance was so defective as to require reversal of [the] conviction. . . . That requires the petitioner to show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense. . . . Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable. . . ."Mezrioui v. Commissioner of Correction, 66 Conn. App. 836
(2001).
"The first component of the Strickland test, generally referred to as the performance prong, requires that the petitioner show that counsel's representation fell below an objective standard of reasonableness. . . . In Strickland, the United States Supreme Court held that [j]udicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a [petitioner] to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was CT Page 2740 unreasonable. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the [petitioner] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. . . . [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." (Citations omitted; internal quotation marks omitted.)Minnifield v. Commissioner of Correction, 62 Conn. App. 68, 70-72,767 A.2d 1262, cert. denied, 256 Conn. 907, 772 A.2d 596 (2001); Mezriouiv. Commissioner of Correction, supra at 837-38.
The constitutional right to effective assistance of counsel also includes the right to such assistance on the defendant's first appeal as of right. Our courts have adopted the two-part Strickland analysis in the context of a claim of ineffective assistance of appellate counsel.Bunkley v. Commissioner of Correction, 222 Conn. 444, 455, 610 A.2d 598
(1992). "Thus, since the purpose of the Sixth Amendment guarantee of counsel is to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding . . . that `proceeding' must be regarded as the entire continuum of the adjudicatory process, both trial and appeal." (Citation omitted; internal quotation marks omitted.) Id. 460; Crump v. Commissioner of Correction, 68 Conn. App. 334
(2002).
On direct examination during the trial of his habeas corpus petition, the petitioner testified that he had multiple meetings with his two trial attorneys, during which the petitioner and his trial counsel discussed a court trial before a three judge panel. During these discussions, both trial counsel explained the benefits of a court trial as it pertained to the gruesome nature of the crime. The petitioner now claims that he subsequently informed his counsel that he had changed his mind and now wanted a jury trial, but was informed by his counsel that it was "too late" to make that election. The petitioner admits that he never raised his objection to a court trial before any judge or before the three judge panel during any proceedings or during the course of his trial. The petitioner also testified that he never raised the issue of his request for a jury trial with his appellate counsel during the entire appeal process. It is noted that the petitioner was arrested in August, 1991 for crimes for which he was subsequently convicted. He entered pleas of not guilty and appeared in court with counsel on many occasions prior to his trial. He was convicted by a three judge panel on June 23, 1993 and was CT Page 2741 sentenced by said panel on August 6, 1993. The petitioner thereafter, appealed his conviction to the Connecticut Supreme Court, and in 1996 his conviction was affirmed. State v. Bruno, 236 Conn. 514 (1996). None of the claims raised by the petitioner in that appeal involved his present claim that he never waived his right to a trial by jury.
During the trial of this habeas corpus petition both attorneys who represented the petitioner during his court trial before a three judge panel, testified that they had discussed a court trial with the petitioner on numerous occasions prior to trial. Their representation of the petitioner began at the time of his arraignment in 1991. Due to the gruesome nature of the crime, as described in State v. Bruno, 236 Conn. 514
(1996), they advised the petitioner of the benefits of having this type of evidence presented to a three judge panel rather than a jury. Both counsel testified that the petitioner fully understood their reasoning for this strategy and that he consented to a trial before a three judge panel. This occurred on a minimum of five occasions. At no time did counsel ever inform the petitioner that it was "too late" to elect a trial by jury, and at no time did the petitioner request a change of election from a court trial to a jury trial. A private investigator retained by the petitioner's attorneys was also present at several conferences held with the petitioner, and he also confirmed that the petitioner understood the reasons for electing a court trial, and that the petitioner was in agreement with' that decision.
A review of the exhibits, including court transcripts, reveals the petitioner was presented in court on August 12, 1991. He was informed by the court of his right to a trial by the court or by a jury. When questioned by the court if he understood this right, the petitioner responded "yes." On September 18, 1991 after a hearing in probable cause was held, the court determined that probable cause for murder did exist. The petitioner, through his trial counsel, requested that the petitioner's plea election be deferred to his next court date which was to be October 2, 1991. It appears from the record and exhibits provided to this habeas court that the petitioner next appeared in court on October 7, 1991. At that time the clerk's handwritten notations indicate that pleas of not guilty were entered and a jury trial was elected. A transcript of the court proceedings on October 7, 1991 is not available for review by this court.
A further review of the transcripts and clerk's records reveals that at a January 29, 1993 court appearance for the petitioner's case, the court acknowledged on the record that the petitioner's case was scheduled for a "homicide court trial" before a three judge panel. The clerk's written record of proceedings also indicates that on March 31, 1993, the court was in receipt of a letter regarding a "three judge panel." However, that CT Page 2742 letter is not available for this court to review. The record also indicates that the petitioner's court trial before the three judge panel commenced on April 13, 1993 and lasted for eleven days during various dates in April, 1993 and June, 1993. The defendant, as aforementioned, was convicted on June 23, 1993 and sentenced on August 6, 1993. The court has reviewed the available transcripts of the hearing in probable cause, the trial and the sentencing, and cannot find a plea canvass by the court on these occasions. Trial counsel testified that a member of the three judge panel did canvass the petitioner regarding his election for a court trial during one of the petitioner's court appearances for a pretrial conference, but those transcripts are not available for review by this habeas court. Trial counsel also testified that the petitioner was canvassed regarding his election for a court trial by the court on an additional occasion, but counsel could not remember the date or the specific judge who conducted the canvass. The petitioner at the time his trial was to commence never addressed the three judge panel regarding his desire to be tried by a jury, and he never raised the issue to the panel during the course of his trial and sentencing. The petitioner, during the habeas trial, admitted that he had been in court and had been convicted of other crimes prior to his arrest for the present matters. He admitted that he was familiar with court proceedings, a plea canvass and his right to a jury trial.
The court finds that the petitioner has failed to demonstrate that he was denied the effective assistance of counsel because of his allegation that his attorneys waived his right to a jury trial without his consent. His counsel's performance was not deficient. The petitioner's credibility is lacking. The court finds that the petitioner was fully apprised of his right to a jury trial and the option of a court trial before a three judge panel. The assertion that he told his counsel that he wanted a jury trial is not credible, in light of the testimony at the habeas trial and in light of a review of the transcripts of the hearing in probable cause and the petitioner's court trial.
The petitioner must also establish, that had he been tried to a jury, there is a reasonable probability that the results of the proceeding would have been different. Only by doing this, can he demonstrate prejudice. A review of the transcripts of the petitioner's trial reveals the strength of the state's case and leads this court to determine that there is no reasonable probability that the outcome would have been different had the petitioner received a trial by a jury. The petitioner again has not demonstrated prejudice from his counsel's alleged failure to appropriately advise him of the consequences of waiving a jury trial.Green v. Lynough, 868 F.2d 176 (5th Cir.) (Per curiam), cert. denied,493 U.S. 831, 110 S.Ct. 102, 107 L.Ed.2d 66 (1989); Correll v. Thompson,63 F.3d 1279 (4th Cir. 1995), cert. denied sub nom.; Correll v. Jabe,
CT Page 2743516 U.S. 1035, 116 S.Ct. 688, 133 L.Ed.2d 593 (1996).
The petitioner also claims that his appellate counsel was ineffective in failing "to present for review the issue of a lack of proper waiver by the petitioner of his right to jury trial." The petitioner "must prove both deficient performance and prejudice resulting therefrom," once again. Bunkley v. Commissioner of Correction, 222 Conn. 444, 445,610 A.2d 598 (1992). Although an appellate advocate must provide effective assistance, he is not under an obligation to raise every conceivable claim. McIver v. Warden State Prison, 28 Conn. App. 192, 202
cert. denied, 224 Conn. 906 (1992).
The petitioner admits that he never raised the issue of his waiver of his right to a jury trial with his appellate counsel. The record and exhibits submitted at the habeas trial do not support the petitioner's claim that he was requesting a trial by jury or that he in any way, protested his court trial before a three-judge panel. The petitioner has failed to demonstrate that his appellate counsel's performance was deficient or that any alleged deficiency resulted in prejudice. He has filed to establish "that because of the failure of his appellate counsel to raise a [certain] claim, there is a reasonable probability that he remains burdened by an unreliable determination of his guilt." Bunkley,
supra 222 Conn. at 454.
The petitioner lastly claims that the trial court erred in failing to canvass him "as to any voluntary or informed waiver of his right to a jury trial." In its amended return dated July 6, 2001 the respondent alleged that the petitioner was not entitled to review of, or relief upon, this claim because it had been procedurally defaulted at trial and on appeal. The respondent further claims that the petitioner could not demonstrate both good cause for the procedural default and actual prejudice arising therefrom. Therefore he was not entitled to a review of his claim.[1]
A procedural default occurs during a trial when a defendant fails to raise an issue or does not object to a ruling. State v. Evans,165 Conn. 61, 66, 327 A.2d 576 (1973); State v. Tuller, 34 Conn. 280
(1867). A defendant must use his opportunities to object or he has deemed to have waived his objection.
Habeas courts are under a duty to make a determination regarding the existence of cause and prejudice. Baez v. Commissioner of Correction,34 Conn. App. 236, 241 641 A.2d 147 (1994). Connecticut has adopted the federal cause and prejudice standard of Wainwright v. Sykes, 433 U.S. 72,97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). This standard is the appropriate standard for reviewability in a habeas court proceeding of constitutional CT Page 2744 claims not adequately preserved a trial because of a procedural default.Johnson v. Commissioner of Correction, 218 Conn. 403, 409, 589 A.2d 1214
(1991). A defaulted constitutional claim will merit habeas corpus review only if the petitioner can demonstrate good cause for his failure to preserve the claim at trial and actual prejudice resulting from the alleged constitutional violation. Bowers v. Commissioner of Correction,33 Conn. App. 449, 451, 636 A.2d 388 (1994).
"[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488, 106 S.Ct. 2639,2645, 91 L.Ed.2d 397 (1986); Jackson v. Commissioner of Correction,227 Conn. 1 24, 137, 227 A.2d 413 (1993). "`[T]he mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default.'" Johnson, 218 Conn. at 422, quoting Murray v.Carrier, 477 U.S. at 486-87.
A petitioner also must establish that actual prejudice resulted from the error, "infecting his entire trial with error of constitutional dimensions" and denying him "fundamental fairness" at trial. Murray v.Carrier, 477 U.S. at 494. "The showing of prejudice required underWainwright v. Sykes, 433 U.S. 72 (1977) is significantly greater than that necessary under the more vague inquiry suggested by the words `plain error.' . . . The habeas petitioner must show not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension. . . ." (Citations omitted; emphasis in original; internal quotation marks omitted.) Murray v.Carrier, 477 U.S. at 493-94.
The petitioner never moved to withdraw the election for a court trial before the three judge panel or any court prior to his trial before the three judge panel. He did not appeal the voluntary or knowing nature of his election for a court trial, and by his own admission never informed his appellate counsel of his desire to appeal this issue. He has defaulted his claim both at the trial level and on direct appeal. Absent evidence that his failure to withdraw his election for a court trial was caused by some objective factor external to the defense, good cause for his procedural default does not exist.
The petitioner has failed to meet his burden of establishing cause and prejudice sufficient to excuse his failure to challenge the validity of his jury waiver at trial or on appeal. He is not entitled to review of, or relief upon, his freestanding challenge to the validity of his CT Page 2745 waiver.
The court also agrees with the respondent's position that even if the court were to review the validity of the petitioner's waiver claim, the petitioner has failed to demonstrate that it was not knowingly, voluntarily and intelligently entered. The burden of establishing grounds for relief in a habeas corpus proceeding rests with the petitioner. Biggsv. Warden, State Prison, 26 Conn. App. 52, 55 597 A.2d 839 (1991). "The petitioner must demonstrate a miscarriage of justice or other prejudice, not merely an error which might entitle him to relief on appeal. Saffordv. Warden, 223 Conn. 180, 190, 612 A.2d 116 (1992). He must show that he is burdened by an unreliable conviction. Bunkley v. Commissioner ofCorrection, 222 Conn. 444, 461 (1992).
A habeas corpus proceeding is a collateral attack on a final judgment of conviction. When collaterally attacked, the judgment of the court carries with it a "presumption of regularity." Johnson v. Zerbst,304 U.S. 458, 468, S.Ct. 1019, 1025, 82 L.Ed. 1461 (1938). "On collateral attack, a silent record supports the judgment: the state receives the benefit of a presumption of regularity and all reasonable inferences. . . ." (Citations omitted.) Higgason v. Clark,984 F.2d 203, 208 (7th Cir. 1993). Therefore, when the petitioner claims he was denied a constitutional right, the burden of proof rests with him to demonstrate that he did not validly waive that right. He cannot rely upon the principles and presumptions applicable to direct appeals. On direct appeals, courts are precluded "from presuming a waiver of the right to a trial by jury from a silent record." State v.Groomes, 232 Conn. 455, 475, 656 A.2d 646 (1995) quoting State v. Williams, 205 Conn. 456, 460-61,534 A.2d 230 (1987). Based upon the testimony, exhibits and transcripts of prior proceedings the petitioner has failed by the totality of the circumstances to demonstrate that his jury waiver was not knowingly and voluntarily entered.
Accordingly, the court denies the plaintiff's claims and orders that his petition for writ of habeas corpus be dismissed.
The Court,
By: ____________________ Arnold, J