## DAVID KENNETT *v.* COMMISSIONER OF CORRECTION
### (AC 25874)

Lavery, C. J., and Schaller and West, Js.

Argued October 24—officially released November 15, 2005

*Katherine C. Essington*, special public defender, for the appellant (petitioner).

*Lawrence J. Tytla*, senior assistant state's attorney, with whom, on the brief, was *Kevin T. Kane*, state's attorney, for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, David Kennett, appeals following the denial of his petition for certification to appeal from the judgments dismissing his petitions for a writ of habeas corpus. He claims that the court abused its discretion when it denied his petition for certification to appeal and rejected his claims of (1) ineffective assistance of counsel at his habeas trial and (2) ineffective assistance of counsel on direct appeal. We dismiss the petitioner's appeal.

The petitioner was convicted of nine counts of sexual assault in the first degree, one count of attempt to commit sexual assault in the first degree, two counts of kidnapping in the first degree, two counts of threatening, two counts of sexual assault in the fourth degree

and one count of interfering with the execution of a search warrant. This court affirmed the judgment of conviction in *State* v. *Kennett*, 25 Conn. App. 801, 592 A.2d 433 (1991). The petitioner subsequently filed a petition for a writ of habeas corpus, alleging ineffective assistance of trial counsel, on February 22, 1996. The habeas court dismissed the petition and denied the petitioner's subsequent petition for certification to appeal. This court dismissed the petitioner's appeal from the habeas court's denial of his petition for a writ of habeas corpus. *Kennett* v. *Commissioner of Correction*, 57 Conn. App. 333, 335, 749 A.2d 45 (2000).

The petitioner then filed three new habeas petitions, which were consolidated for trial and heard on October 31, 2003. By memorandum of decision dated May 21, 2004, the court denied the petitions and thereafter denied the petition for certification to appeal. This appeal followed.

"Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits. . . . To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) *Smith* v. *Commissioner of Correction*, 89

Conn. App. 134, 136, 871 A.2d 1103, cert. denied, 275 Conn. 909, 882 A.2d 676 (2005). After a careful review of the record and briefs, we conclude that the petitioner has failed to demonstrate that the denial of certification to appeal was a clear abuse of discretion.

The appeal is dismissed.